[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #117
The defendant's motion for summary judgment is denied. An amendment to a complaint regarding a change in the date or time of an incident that does not change the underlying cause of action relates back to the time of the filing of the original complaint. Therefore, there is no violation of the statute of CT Page 6123 limitations.
On August 11, 1997, the plaintiff requested leave to file a third amended complaint. In sustaining the objection to the request, the court, Gill, J., relied on Elhage v. King Conn.Enterprises, Superior Court, judicial district of Danbury, Docket No. 320137 (April 26, 1996, Stodolink, J.). In Elhage, the court denied the plaintiff's request to amend the complaint's allegations of the place where the alleged accident occurred. In the original complaint, the allegations were that the accident occurred at a Burger King restaurant located on Padanaram Road, Danbury, Connecticut. The amended complaint would have changed the location of the accident to 265 Greenwood Avenue, Bethel, Connecticut. The court stated that "there is no reason to believe that the defendant should have been able to anticipate or expect that the plaintiff would make an amendment claiming injury in an entirely different restaurant than he had claimed originally." The court held, therefore, that the amendment did not relate back to the original complaint because it stated a new cause of action.
However, in McGinnis v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 361530 (November 5, 1996, McMahon, J.), the court allowed an amendment to a complaint which changed the location of the alleged accident because it did not change the underlying cause of action and the defendant knew of the incorrect location before the amendment was requested. In making its decision, the court examined the federal law on rule 15(c) of the Federal Rules of Civil Procedure, because it is akin to Connecticut's relation-back doctrine, and various federal cases. The court found that the original complaint provided notice to the defendants of the nature of the claim against them and that the amendments as to the place of the alleged incident did not state a new cause of action. The defendant knew or should have known of the true facts of the alleged incident and therefore could not plead surprise at the amendments. The court distinguished Elhage because there was no evidence presented in that case that the defendant knew of the correct location of the accident and could have, therefore, anticipated the amendment.
In the present case, the request to amend was filed in August 1997. The defendant took the plaintiff's deposition in November 1996 and learned in November 1996 that the time and place alleged by the plaintiff in her complaint was incorrect. The defendant, CT Page 6124 therefore, could anticipate the request to amend the complaint, especially since it had previously moved to dismiss for insufficiency of notice on the same grounds and such motion was denied. There is, therefore, no prejudice or surprise to the defendant to have to defend this action as to the proper time and place of the alleged accident. The amendment to the date and time of the alleged incident does not change the underlying action under Connecticut General Statutes § 13-149.
SANDRA VILARDI LEHENY, J.